MICHAEL MONAHAN, ET AL., *v.* F. ALTENBURG'S EX'X.

**Husband and Wife—Suretyship of Wife.**

Where the wife owns real estate and she obtains articles by purchase which are necessaries for the family, the charge being made against her at the time, she is liable therefor, and the fact that a note is signed by her husband and herself, her name appearing under his, will not establish the claim that she is surety only for her husband.

APPEAL FROM CAMPBELL CHANCERY COURT.

February 14, 1877.

OPINION BY JUDGE PRYOR:

The signature of the wife under that of the husband would indicate that the wife was surety only; but as it is alleged in the petition that the articles furnished were necessary for the family and sold on the credit of the wife, the proof conducing to establish the fact not only that the credit was given the wife, but that she obtained the articles upon the representations made to appellee's testator, that she owned certain real estate, and therefore his debt would be perfectly secure, we see no reason why her property ought not to be subjected to its payment.

The statute, instead of diminishing the rights of the creditor in such a case, has enlarged them by making the general estate of the wife liable, although the signature of the wife only is affixed to the writing. Under the former statute the liability did not exist unless the writing was signed by both husband and wife. The legislature, deeming it proper to let the wife purchase necessaries on her own credit, has said that her name to the obligation is sufficient to create the liability. It was doubtless intended to permit the wife to obtain the necessaries of life, although the husband might refuse to unite with her in the agreement to pay. If in a case where the husband and wife both signed the writing, it appears that the credit was given the wife, and the articles purchased were necessaries, the wife's estate should be held liable. The writing is signd by her, and the fact that there is another obligor does not invalidate the obligation as to the wife.

The bedstead, spring, mattress, pillows and bolsters were purchased at $65.00. The appellant owned three houses and lots and had rented two of them out for twelve or thirteen dollars a month. Her husband was working at some foundry and no doubt obtaining good wages. The articles purchased were such as every prudent man had the right to believe were necessaries, and the appellant having tenants upon her estate felt no doubt like improving the appearance of her little tenement by removing the old wornout furniture and substituting the finer. She now has in her possession this property purchased on the faith of her representations as to her ability to pay, and being necessaries, although not indispensable to the household, as she is enjoying the luxury of sleeping on the spring mattress, not even offering to return it, the chancellor acted properly in compelling her to pay for it.

Judgment *affirmed*.

*Berry & Hounshell, for appellants. E. W. Hawkins, for appellee.*